JOHN DUFFY, Respondent, v. MANHATTAN & QUEENS BUS CORPORATION et al., Appellants.— Action to recover damages for personal injuries. Plaintiff was engaged in opening a gate at the Manhattan end of the Queensboro Bridge when a bus owned by the corporate defendant and operated by the defendant Husch came in contact with the gate, which in turn struck and injured plaintiff. A verdict was rendered in favor of plaintiff and defendants appeal. Judgment and order unanimously affirmed, with costs. (Civ. Prac. Act, § 106.) Present — Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ.

EMIGRANT INDUSTRIAL SAVINGS BANK, Respondent, v. EMIL J. SONDERLICK, Appellant, et al., Defendants.— Appeal by defendant Emil J. Sonderlick from a judgment of foreclosure and sale made pursuant to an order striking out defendant's amended answer on motion under rule 113 of the Rules of Civil Practice. Judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Appeal, insofar as it seeks to review the order denying defendant's [appellant's] cross motion to vacate the extended receivership, and the order of this court affirming the order denying that motion [ante, p. 765], dismissed, without costs. By his notice of appeal appellant further seeks to appeal from the order entered on August 10, 1943, which struck out his amended answer and granted judgment of foreclosure and sale to plaintiff. The appeal from said order, however, was dismissed by this court on December 6, 1943. (See Emigrant Industrial Savings Bank v. Sonderlick, ante, p. 764.) Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ. [See post, p. 909.]

ISIDORE FINE et al., Appellants, v. WILLIAM B. LINDER et al., Respondents, et al., Defendants.— Action for an accounting based on a claimed joint venture. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. The trial court found there was a joint venture but that plaintiffs had abandoned it and were not thereafter entitled to recover. The documentary evidence, some of which plaintiff Isidore Fine created, establishes that the relationship of defendant William B. Linder to the transaction was that of a creditor. This conclusion is fortified by the testimony of disinterested witnesses. Moreover, if William B. Linder was obligated, as plaintiffs claim, to advance moneys, as an investor, to the extent which they assert, repayments by the corporation of advances by him would not have been made by checks of the corporation, signed by plaintiff Isidore Fine as president. The finding to the contrary — that there was a joint venture — is reversed. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.

MARCELLO INGARDIA et al., Respondents, v. MILDRED BRESLOW et al., Respondents, MILSAM REALTY CORPORATION et al., Defendants-Appellants, et al., Defendants.— In an action by judgment creditors to set aside conveyances of real property, all parties entered into a stipulation, made before the trial court, affording relief not only to plaintiffs but providing, among other things, for reconveyance of realty and other property by certain of the defendants. The appellants, who consented to reconvey, submitted themselves to the jurisdiction of the court and stipulated that they be joined as parties and be bound with the same force and effect as if an action in equity were brought for each and every remedy set forth in the stipulation. Milsam Realty Corporation and Samuel J. Gottlieb appeal from an order denying their motion to be relieved of the stipulation, and from the judgment entered in accordance therewith. Order and judgment unanimously affirmed, with one joint bill of costs to the respondents. No opinion. Present — Close, P. J., Hagarty, Adel, Lewis and Aldrich, JJ. [See post, p. 909.]